IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


JAMES P. STRAIN, JR.,

                      Plaintiff,                      Case No. 3:05 CV 7244

    -vs-                                                MEMORANDUM OPINION

OFFICER J. S. PAYNE, et al.,

                      Defendant.

KATZ, J.

This matter is before the Court on the unopposed motion to dismiss of Defendant Ohio Attorney General's Office. (Doc. No. 9). For the following reasons, the Court grants the Defendant's motion.

## BACKGROUND

Plaintiff is the executor of the estate of John Michael Strain ("Decedent"). Plaintiff alleges that on June 4, 2004, several Toledo police officers falsely arrested Decedent using excessive force, thereby rendering Decedent quadriplegic for a time, and eventually causing his death. Plaintiff brings claims for money damages under 42 U.S.C. § 1983, 1985, and 1988, alleging violations of Decedent's Fourth and Fourteenth Amendment rights. Plaintiff also brings Ohio common-law claims for assault and battery, false arrest, negligence, and wrongful death. Additionally, in paragraph thirty of the Complaint, Plaintiff argues that, "to the extent that provisions of Ohio Senate Bill 80 apply to any claims or allegations set forth in this Complaint, plaintiff hereby asserts that said bill is unconstitutional as violating of the U.S. Constitution and Ohio Constitution . . . ." (Doc. No. 1, ¶ 30). Plaintiff brings his claims against several named Toledo

Police Officers, several John Does, the Chief of Police, the City of Toledo, and the Ohio Attorney General's Office.

## DISCUSSION

The Ohio Attorney General's Office moves to dismiss Plaintiff's claims against it under Federal Rules of Civil Procedure 12(b)(1) and (6), on the grounds that Plaintiff's claims are barred by the 11th Amendment to the United States Constitution, fail to state a claim upon which relief can be granted, and are not required by Ohio Revised Code § 2721.12.

*A. Motion to Dismiss Standards*

Generally, Fed. R. Civ. P. 12(b)(1) motions to dismiss for lack of subject-matter jurisdiction fall into two categories: facial attacks and factual attacks. FED. R. CIV. P. 12(b)(1); *United States v. Richie*, 15 F.3d 592, 598 (6th Cir. 1994) *cert. denied.* 513 U.S. 868, 115 S. Ct. 188, 130 L. Ed.2d 121 (1994). A facial attack challenges the sufficiency of the pleading itself. Upon receiving such a motion, the Court must take all of the material allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Id.* (citing *Scheuer v. Rhodes*, 416 U.S. 232, 235-37, 94 S. Ct. 1683, 1686-87, 40 L. Ed.2d 90 (1974)).

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the function of the Court is to test the legal sufficiency of the complaint. In scrutinizing the complaint, the Court is required to accept the allegations stated in the complaint as true, *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232, 81 L. Ed. 2d 59 (1984), while viewing the complaint in a light most favorable to the plaintiffs, *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S. Ct. 1683, 1686, 40 L. Ed. 2d 90 (1974); *Westlake v. Lucas*, 537 F.2d 857, 858 (6th Cir. 1976). The Court is without authority to

dismiss the claims unless it can be demonstrated beyond a doubt that the plaintiff can prove no set of facts that would entitle it to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 101-02, 2 L. Ed. 2d 80 (1957); *Westlake*, *supra*, at 858. *See generally* 2 JAMES W. MOORE, MOORE'S FEDERAL PRACTICE, § 12.34[1] (3d ed. 2004).

*B. Defendant's Motion to Dismiss*

The motion to dismiss filed by the Ohio Attorney General's Office is well taken for all three reasons the Attorney General advances: first, the eleventh amendment bars Plaintiff's claim against the state office; second, Plaintiff's complaint fails to state a claim against the Attorney General's Office; and third, the Ohio Revised Code does not require that Plaintiff make the Ohio Attorney General's Office a party to this lawsuit.

*1. Eleventh Amendment*

"[T]he eleventh amendment prevents a federal court from entertaining a suit brought by a citizen against his own state. States are immune from such suits unless a state waives its immunity." *Wolfel v. Morris*, 972 F.2d 712, 718 (6th Cir. 1992) (internal citation omitted). Moreover, "[e]leventh Amendment immunity bars all suits, whether for injunctive or monetary relief, against the state and its departments." *Cox v. Ky. Dep't of Transp.*, 53 F.3d 146, 152 n.2 (6th Cir. 1995). Where a state has not waived its immunity, the eleventh amendment acts as a jurisdictional bar to a federal court lawsuit against a state. *Wilson-Jones v. Caviness*, 107 F.3d 358, 358 (6th Cir. 1997). Ohio has not waived its sovereign immunity. *Wolfel*, 972 F.2d at 718; *Mackey v. Cleveland State Univ.*, 837 F. Supp. 1396, 1403 (N.D. Ohio 1993).

3

Here, Plaintiff has brought suit against the Ohio Attorney General's Office, a department of the State of Ohio, seeking compensatory and punitive damages, plus costs and attorneys' fees, for damages arising out of his Decedent's arrest by Toledo police officers. The eleventh amendment bars Plaintiff's claims against the state defendant.

*2. Federal Rule of Civil Procedure 8*

Rule 8 requires a pleader to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8. Plaintiff, in his Complaint, alleges only actions taken and omissions made by members of the City of Toledo Police Department. He fails to allege any actions on the part of the Ohio Attorney General's Office that could give rise to the claims he sets forth. While he avers that the City of Toledo is liable for the officers' acts under a respondeat superior theory, Plaintiff fails to state any basis on which the Ohio Attorney General can be held liable for the officers' alleged conduct, and the Court can conceive of none. Therefore, Plaintiff's Complaint fails to state a claim against the Ohio Attorney General's office upon which relief may be granted, as Rule 8 requires.

*3. Ohio Revised Code § 2721.12*

Ohio Revised Code § 2721.12 provides that:

> [W]hen declaratory relief is sought under this chapter in an action or proceeding, all persons who have or claim any interest that would be affected by the declaration shall be made parties to the action or proceeding. . . . In any action or proceeding that involves the validity of a municipal ordinance or franchise, the municipal corporation shall be made a party and shall be heard, and, if any statute or the ordinance or franchise is alleged to be unconstitutional, the attorney general also shall be served with a copy of the complaint in the action or proceeding and shall be heard. In any action or proceeding that involves the validity of a township resolution, the township shall be made a party and shall be heard.

Ohio Rev. Code § 2721.12. Construing a previous version of the statute, which required plaintiffs to serve the Attorney General with "a copy of the proceeding," rather than "a copy of the complaint," but which was otherwise materially identical to the present statute, the Ohio Supreme Court concluded, "[a]lthough the statute *does not require that the Attorney General be made a party* to the action, former R.C. 2721.12 requires a party seeking a declaration that a statute is unconstitutional to serve the Attorney General 'with a copy of the proceeding' that raises the constitutional issue." *Cicco v. Stockmaster*, 728 N.E.2d 1066, 1070 (Ohio 2000) (emphasis added).

Defendant cites the Ohio Supreme Court's 2002 reiteration that § 2721.12 "imposes a notice requirement on parties contesting the constitutionality of a statute *in a declaratory judgment action* filed pursuant to R.C. Chapter 2721." *Cleveland Bar Ass'n v. Picklo*, 772 N.E.2d 1187, 1189 (Ohio 2002) (emphasis added). However, while Plaintiff has not expressly sought a declaration in his prayer, in paragraph thirty of the Complaint, he states his position that Ohio Senate Bill 50 is unconstitutional, and prays for "other and further appropriate relief as is appropriate." (Doc. No. 1, ¶ 30 & p. 8).

Nevertheless, as the Ohio Supreme Court held in *Cicco*, § 2721.12 does not require Plaintiff to make the Ohio Attorney General's Office a party; rather, Plaintiff was required merely to serve the Ohio Attorney General with a copy of the Complaint. Based on the Court's determinations, above, that the eleventh amendment bars any actual claims against the Ohio Attorney General's office and that the Complaint in any event fails to state a claim against that defendant, dismissal is appropriate.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss (Doc. No. 9) is granted.

IT IS SO ORDERED.

5

          S/ *David A. Katz*
DAVID A. KATZ
SENIOR U. S. DISTRICT JUDGE